Next case is Billy v. Coverall. We have Mr. Iverson for Coverall. You have three minutes reserved for rebuttal. You can begin whenever you're ready. Good morning. Matthew Iverson on behalf of Coverall North America. May it please the Court. The question here is whether a federal court can confirm and unseal a confidential arbitration award that's already been satisfied. In Stafford v. IBM, this court answered that same question involving essentially the same circumstances and the same set of plaintiff's lawyers, and the answer was no. This court reached that conclusion because if the answer were yes, it, quote, would create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings. And that would essentially be the end of our rule of confidentiality, which Stafford also held is, quote, a paradigmatic aspect of arbitration. There are three issues in this appeal, I think. The first is whether a court has Article III jurisdiction to confirm a satisfied arbitration award. The second is whether statutory jurisdiction ever existed here. And the third is whether a court can unseal confidential documents filed with a confirmation request over which it lacks jurisdiction. Can I ask this question? So there's this debate in the briefing about whether there was a declaratory judgment about Billy's status as an employee. Now, does Billy still have a relationship with Coverall? So there's nothing in the record about this, but from what my client understands, Mr. Billy's franchise is now owned by a corporation. Mr. Billy lives in North Carolina. Okay, but maybe it wasn't – so that might mean that it's new now because of that. But at the time of the district court decision, did Billy have a relationship still with Coverall? The facts I understand at the time of the district court's decision were the same as these. Oh, then I guess I do need the details of what you were just saying. So did Billy still have an employment relationship or some kind of relationship with Coverall? So Billy was in North Carolina. His – the franchise he used to own was owned by a corporation, and I don't know and don't know what – And at the time of the arbitration, the franchise was owned by the corporation too, right? That's correct. Okay, so he wins this arbitration award that says he's an employee and should be treated like an employee. Did Coverall decide after the arbitration that it would nevertheless treat him as an independent contractor? So at the time he won the award, he won an award saying he was an employee up to the present. There – I don't know and I don't think that there's anything in the record as to how, if at all, the relationship changed or developed from that point forward. But at the end of the day, what he – Well, I guess my question is this. So the – Coverall paid the arbitration award compensating him for the time he was treated as an independent contractor rather than an employee in accordance with the decision. And on a go-forward basis, I'm just curious because I think it would implicate the mootness analysis as to whether Coverall was treating him under a status that he thought was not correct. So let me address two aspects of that. First, as far as the going forward aspect of it, I don't think it does, frankly, Your Honor, impact what happens in the future. This was – this was an award that by its terms ordered CNA to pay money. Well, I get it. So it's true that if all the award did was award retrospective relief, then it doesn't have any implications for, you know, going forward. But regardless of whether it did, you know, announce that he should be treated as an employee, it wouldn't matter if Coverall was nevertheless treating him as an employee. But you're telling me I don't know from the record whether Coverall had – was doing that. Correct. And, frankly, Your Honor, it does not matter because – It doesn't matter given your view of the terms of the award. Given the view of the terms of the award. And, you know, frankly, I think that's the only way to read that award. The award said ordered CNA to pay some of money, which CNA paid. And it stated clearly twice that all other claims are denied. What's your view, then, on this statement of him being – having the status of an employee? Is that just – That is a legal finding that by its terms went up to the present. It has no application beyond the day of the award. But it is – and so to your mind, it's not declaratory relief? It's just part of a statement with the decision? It was a legal finding in a – in an order on partial liability. And it has no – it has no forward-looking effect any more than a – and, by the way, that statement stated clearly, you know, he looked at facts to the present. He did not look at any facts beyond that. And just as it would if a court issued a decision on a motion for partial summary judgment and made a legal finding as to a particular timeframe, you know, that governs by res judicata as to that particular timeframe, but it has no application outside that timeframe because those facts weren't considered. And that was the circumstance here. If Mr. Billy wants to make a claim that he is or was an employee at any time after the award, and he hasn't, by the way, then what Mr. Billy needs to do is initiate a new arbitration. Just as if he had initiated a lawsuit based on facts up to a particular period of time, got his judgment, you know, he can use that decision for whatever precedential weight it has. And that remains true whether or not – for an arbitration award, that remains true whether or not it's confirmed. But it's subject to different facts going forward. It would be a different dispute subject to a different arbitration for a different arbitrator that may or may not reach the same conclusion of law as the prior arbitrator because arbitrators are not bound to follow another arbitrator's decision. And the district court's confirmation of that wouldn't have any effect either. Correct. Because the district – you know, as Stafford says, an arbitration award is valid regardless of whether or not it's confirmed. And whatever implications of validity there are are going to be there regardless of whether or not the decision is confirmed. There is a separate argument here – well, actually, I see that my time has almost expired. Yeah, why don't you save it for rebuttal? I will. All right, thanks. Okay, we'll hear from Ms. Wiss-Reardon. Good morning, Your Honors. Shannon Wiss-Reardon for Kareem Billy. So Mr. Billy, in arbitration, did win a declaration that he was an employee as the district court properly found. So that would have an impact on the going forward relationship. When it says as of X date with an end date, how does it have an impact on the going forward relationship? Because he sought a ruling that he was an employee, and the arbitrator said, and the district court noted, in the present tense, he was declared to be an employee. Well, the arbitrator said he's an employee and therefore I'm awarding damages. It doesn't say I'm awarding a kind of judgment that henceforth coverall shall treat him as an employee, right? Well, effectively – I mean, we often make legal statements to justify a retrospective award of damages. It doesn't always mean that those statements are equivalent to a declaratory judgment. Effectively, this wasn't a declaratory judgment. He sought – It's kind of weird to think about an arbitration award as including a declaratory judgment. I mean, it's not a court. It doesn't take advantage of the Declaratory Judgment Act, right? All an arbitrator can do is award particular kinds of relief. And if it doesn't say I order coverall to do X, Y, and Z going forward, it's kind of weird to infer that from the reasoning of the arbitration – the arbitrator's statement, isn't it? Well, Judge Menache, by what you just said, if the arbitrator couldn't say I order this going forward, what an arbitrator could do is say I grant your motion for summary judgment. You are an employee. That will have an impact going forward. But on page 435 of the appendix, he said from the year 2013 to present, right? So that was the period that he – But there was no change in circumstances after that. So even though obviously all someone, all a court or an arbitrator can do is talk about technically up to the present because we don't know what's going to happen in the future, if in the future coverall continues to engage in the same conduct, which it did, coverall's argument would lead to the absurd result that if Mr. Billy now proceeds with a new claim, a new arbitration to cover the period since that last declaration, he himself would not even be able to cite to this decision because they say it's under seal, it is of no effect and it can't be used. But why is that absurd? I mean arbitrators – like the decision of one arbitrator is not binding on another one. So like there are two things you just said. You said the arbitrator can't know what the facts are going forward. And if that's true, that's a pretty strong piece of evidence that the arbitrator did not make a decision about what should happen going forward if he couldn't perceive them. And second, you said he'd want to start a new arbitration and cite this arbitration award. But there's no reason to think the decision of a prior arbitrator is binding on a future arbitrator. No, we're not saying that it's binding, but it could be something relevant for an arbitrator to take into account. Just the way district courts look at other district court decisions, even though they're not binding, they could be helpful. And again, it's absurd if a company is engaged in ongoing conduct that violates the law and a party obtains a declaration that their conduct violates the law. I mean, you're saying it's absurd, but Mr. Billy signed an arbitration agreement that included a confidentiality provision, right? I mean, maybe he shouldn't have signed that agreement if he thought it was an absurd – it was absurd terms for an arbitration. But the case law, when he signed it, allowed that a confidentiality agreement in arbitration – it's not sacrosanct. You have to look at the circumstances. And as courts that we've cited in our papers have recognized, once a dispute gets to court, a party doesn't have any guarantee that a confidentiality agreement will be in court. I understand, but he said in prior cases in IBM or Stafford that if a case is moot and you make a filing just to get the thing into court and then disclose it, that that's not enough of an interest in public disclosure, that it should overcome the confidentiality agreement. So even if we were to agree with what you just said, which is that if it is the subject of a court battle, then maybe there's a public interest in seeing the documents, but this was not. This was one – or at least the argument is that this was one that should have been dismissed as a threshold as being moot. Right. Well, this is different from Stafford, but let me just note, this Court's precedent in Zeiler said that when there is a declaratory judgment, that that is essentially ongoing relief, and that's a different situation from what you have in Stafford versus IBM. It was a simple award of damages. There was no ongoing relationship. There was no ongoing violation. And the Court, this Court in Stafford, essentially noted that there were reasons there not to have the presumption of public access. It was overcome by the circumstances there because it determined that in that case there was a law firm, our firm, that was attempting to use the decision to help other decisions. Now in this case, we don't have any other cases against coverall in Connecticut right now, so it's just not the same purpose as this Court limited the principle of public access in Stafford simply because the litigation was seen as an end run. It's not particular to your law firm so much as saying if it looks like it's an evasion of a confidentiality agreement, that means that's a countervailing consideration to the public interest in disclosure. Right, but that, I mean, but that itself, I mean, as this Court recognized in LaGosche, the presumption of public access is a very important presumption for the federal courts to be open. IBM, the IBM decision was seen as essentially an exception to that because our attempt to obtain a breaking of the confidentiality by going to court, the court said you can't just go to court in order to make a court decision that therefore gets you out of the confidentiality clause. This is a different situation. So, for example, here coverall cites the fact that the decision or the cases that have been brought against coverall for years have been by my law firm. The one important exception is a case that was brought by the Commonwealth of Massachusetts. They said other than that case, the cases have been brought by our firm. Now, think about this. If this is an important issue that a company is exploiting workers, immigrant workers, misclassifying them as independent contractors, and the Commonwealth of Massachusetts at one point decided to go after coverall for that, why would the state of Connecticut not be able to have access to this decision? It might make a decision that there is a problem here that needs to be addressed in a more broad manner. It can't be done through individual arbitration. So your purpose then is the same essentially as in Stafford, that you want to make this award available to other litigants who may be pursuing similar claims. It's the exact same thing that Judge Park rejected in Stafford, right? Well, no. I mean in Stafford because the allegation was made that this was a specific tactic by our firm to help other clients of our firm. But it is a public good for the courts to unseal decisions that could have an impact on other cases. It is also a public good that we enforce arbitration agreements according to their terms. And there's a confidentiality provision. There's a confidentiality provision. So if you – if the case were truly moot and these documents were not part of any kind of court decision, you would agree that the state of Connecticut can't reach into your arbitration and unseal all of the arbitration decisions, right? Well, I don't know. It's not a public interest of Connecticut in knowing what's going on in a bunch of private arbitrations. It's about the public in general knowing how the courts function. Correct. And in prior cases we've said that if somebody files it just attached to a request for a confirmation of award that has already been satisfied so that it's moot, there really is a small interest in public disclosure because that really wasn't the basis of decision-making by a court. Well, I mean we're coming back to the mootness issue. This was not moot. The ongoing conduct by coverall continued beyond the date of the arbitration of the award. Before we get to that, do you agree that if it were moot, the record should not be unsealed? I don't agree, but given the court's decision in Stafford, I think first this court does need to determine that it's not moot. Let's say like on first principles, but you agree given our precedents if it were moot, the record should be sealed. I would agree that under Stafford this court first needs to determine whether it's moot and if it's not, whether it's moot or not. Yes. What did you want from coverall that you were not getting at the time that you sought confirmation of the award? An ongoing recognition that Mr. Billy is an employee and should be treated and paid in accordance with the declaration that he's an employee. Do we know from the record that they were not treating him as an employee? Yes. Well, as counsel just said, there was no change after the – and there's nothing in the record that shows it. No, actually. So does that mean the record is silent as to whether they were treating him as an employee or not? I don't know whether it's in the record or not, but I don't believe there was any change in status after the arbitration agreement. And again, he says that it doesn't matter, so that seems to concede that there wasn't a change in the status. Well, he says it doesn't matter because he thinks there wasn't a declaratory judgment, but if there were, it wouldn't matter if they were treating him as an employee anyway. In other words – I guess I have this other question. So the district court also has this part of its opinion where it adds up the value of everything in controversy and comes to the amount in controversy. And part of the calculation is the value to Billy of being an employee given the tax benefits that the state of Connecticut would provide him or the way it would treat him and so on, right? Given payments that it would make to him that it's deducting from his pay. But whether he's going to get some benefit from the state of Connecticut does not go to the amount in controversy between Billy and Coverall, does it? No, no, no. That was only a piece of it. It's actual payments he would be receiving from Coverall went into the calculation. So in other words – So you're saying if we discount the calculations about the value from the state of Connecticut, you still get to the amount in controversy amount?  Yes, yes, yes. Yes, you do. And all I'm saying is that the absurd result that would be reached here if the court found the controversy was moot is that someone may be in an ongoing relationship for years even, which is what happened here. They actually go through the legal process of getting a declaration that the defendant's conduct is illegal. And then after the arbitration is done, there's nothing stopping the defendant from just continuing that conduct and they just have to keep going back to arbitration incessantly and start all over again every single time with no ability to be able to refer to the early reward. So you just said a moment ago that the reason the arbitrator said he's only making a determination up until the present is because he has no way of knowing what the future facts are. But you're saying despite not knowing what the future facts are, he nevertheless made a declaration that should govern how coverall should treat him in the future. Well, right, unless there's some change in the facts. So, I mean, in other words, when – I mean, in any court proceeding, if a party receives a declaration that certain conduct is illegal, one would presume that conduct continues to be illegal unless something changes. So all I'm saying is that the arbitrator doesn't know that he might not quit the next day. We understand. We understand the point.  All right. Thank you, Your Honor. Mr. Iverson, you have three minutes in rebuttal. So I'd just like to go to Ms. Liz Riordan's point about there was no way supposedly for the arbitrator to deal with an ongoing problem and the fact that there clearly is. And the Unite Here Local case deals with exactly this issue because it had a problem with prospective relief. It had a problem with how to deal with treatment of an employee going forward. And the solution that that claimant got in that particular arbitration was a cease and desist order from the arbitrator. And that created a confirmable event because that cease and – Is it your position, though, that a future arbitrator wouldn't be entitled to see this arbitrator's decision because it's under seal? Actually, no, because I think the terms of the confidentiality clause only apply to – if I'm remembering correctly, the terms of the confidentiality clause only apply to disputes involving third parties or other entities. It's – there's nothing, I believe, confidential about this particular award with respect to future disputes between Billy and CNA, solely between Billy and CNA. And Billy has a copy of the decision? He does. But the confidentiality agreement prevents him from showing it to a future arbitrator? Not in a dispute between just himself and CNA. Okay. But the point, I guess, that I would go to on Unite, Hear, Local! is that, I mean, the cease and desist order is the way one would get prospective relief. And the other point I would like to make is even if there was some prospective relief here, even if there was a cease and desist order, there would have to be some sort of dispute over ongoing compliance with that prospective award for there to be arbitration. Yeah, I know. That's what I was getting at, because I said, okay, even if there is some kind of declaratory judgment, is he trying to get something from Coverall that he's not – that Coverall's refusing to give, which is why I asked you whether they're treating him as an employee, and you said you can't say that they were. So that means that it is at least possible that they were not, right? I do know this. I know Billy has made no demands on Coverall. And he has – there are – as Ms. Liz Riordan pointed out – Well, maybe he's waiting to confirm the award that he thinks, you know, would bind them going forward. I suppose that's possible or hypothetical, but, you know, possible or hypothetical conflicts don't get you standing. What Billy needs to have is a – and this is according to Stafford and all the cases that have said it – a concrete, particularized, actual or imminent dispute with Coverall. There's no suggestion of that here anywhere in the record. And, you know, Stafford was quite clear. Absent that, you don't have standing. That was also TransUnion's holding. And, you know, I'd point out that the – I mean, Billy does state why he wants this award confirmed in his brief. And the reason he states is so that others can use it in litigation against Coverall, which, as you pointed out, is the improper motive that was highlighted in Stafford. So you're proposing counsel that actually in the prior case it was because of a kind of private interest in the firm's other clients, but now they have more of a public-minded interest in, you know, public – you know, possible plaintiffs in general. Does that make a difference? No, it doesn't. And, I mean, TransUnion makes that clear. An existential interest in doing good is not a – does not get you standing. That's not a – We're talking about the unsealing, right? Oh, well, all right. So if I understand your question correctly, does that change the unsealing calculus? And the answer is no, it doesn't, because Billy is still – regardless of who he wants to show this opinion to, he is still doing exactly what he contracted not to do when he signed his franchise agreement. And he's trying to breach it. If you look at the confidentiality clause, the rationale for the confidentiality clause is so that Billy can't use it or it can't be used in litigation involving everyone else, which is what Billy is saying he is trying to do.  Thank you. Thank you both for the reserved decision. Have a good day.